943 F.2d 52
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny C. JONES, Petitioner-Appellant,
v.
Michael J. O'DEA, Frederic J. Cowan, Defendants-Appellees.
 No. 91-5331.
 United States Court of Appeals, Sixth Circuit.
 Sept. 16, 1991.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Johnny C. Jones, a pro se Kentucky prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Jones was convicted by a jury of trafficking in cocaine. He later pleaded guilty to being a persistent felony offender in the first degree, and he was sentenced to ten years imprisonment. His conviction was affirmed by the Kentucky Court of Appeals, and the Kentucky Supreme Court denied discretionary review.
 
 
 4
 Thereafter, Jones filed his habeas petition alleging: 1) the trial court erred in its jury instruction on constructive possession; and 2) the trial court erred in not granting his motion for a directed verdict based upon the sufficiency of the evidence. A U.S. magistrate judge recommended that the petition be denied, finding that Jones was not denied due process because the jury instructions as a whole properly charged the jury with the law concerning constructive possession. The magistrate also found that viewing the evidence in a light most favorable to the prosecution, any reasonable jury could have found Jones guilty of trafficking in cocaine. The district court adopted the magistrate's recommendation after reviewing Jones's objections. On appeal, Jones reasserts his claims and requests the appointment of counsel.
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons stated in the magistrate's report dated January 2, 1991, as adopted by the district court on February 12, 1991. The jury instruction complained of did not so infect the trial that Jones was denied due process because the instructions taken as a whole adequately informed the jury that in order to convict Jones, it had to find beyond a reasonable doubt that Jones exercised dominion or control over the trunk in which the cocaine was found. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977). Finally, there was sufficient evidence to support the conviction because based upon the facts a rational trier of fact could have found that Jones had constructive possession of the cocaine in the trunk. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 6
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation